**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00142-CV**
_____

**THOMAS W. EVERETT, Appellant**

**V.**

**CLEVELAND INDEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. 24-DC-CV-01313**

**MEMORANDUM OPINION**

Pro se Appellant Thomas W. Everett ("Appellant" or "Everett") appeals from the trial court's final judgment granting Cleveland Independent School District's ("Appellee" or "CISD") plea to the jurisdiction and dismissing with prejudice Everett's claims against CISD. We affirm the trial court's judgment.

Background

Everett's Live Petition

After Everett filed his pro se Original Petition[1] and pro se First Amended Petition, and after CISD filed its Original Answer, Motion to Dismiss Plaintiff's Claims Against Individual Defendants and Plea to the Jurisdiction, First Amended Answer[2], and Plea to the Jurisdiction, Everett filed a pro se Second Amended Petition[3], which was the live petition (the "Petition"). The Defendant CISD then filed its First Amended Plea to the Jurisdiction.

In the Petition, Everett alleges that he brings the suit against his former employer, CISD, "for its wrongful and unlawful conduct that led to his forced resignation, subsequent employment retaliation, and severe financial and emotional distress." Everrett alleges the following facts:

A. Plaintiff was employed by CISD and was wrongfully forced to resign under duress.
B. Plaintiff was presented with a Gag Order and pressured to sign it without review.
C. Upon refusal to sign, Plaintiff was informed that he could not continue employment with CISD.

---

[1] In Everett's Original Petition, he also named certain individuals employed with CISD as defendants. In his amended petitions, he removed the individuals as defendants and only named CISD as a defendant.

[2] In its First Amended Answer, CISD generally denied Everett's claims and asserted various affirmative defenses including governmental immunity.

[3] An amended petition takes the place of and completely supersedes the preceding petition. *See Chamberlain v. McReight*, 713 S.W.2d 372, 373-74 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.) (citing Tex. R. Civ. P. 65).

2

D. Plaintiff applied for substitute teaching but was unlawfully blocked from employment opportunities.
E. Plaintiff was initially awarded unemployment benefits, but CISD appealed on the final day and won, resulting in an unjust repayment demand of approximately $6,363.00.
F. Plaintiff discovered that coworkers' statements were falsified, and misleading information was provided by HR.
G. Plaintiff suffered severe medical issues, including cardiovascular complications, due to the stress caused by Defendant's actions, incurring medical expenses totaling $27,800.
H. Without Plaintiff's knowledge, CISD fraudulently filed a worker's compensation claim on his behalf, later revealed through misdirected correspondence.
I. Defendant induced Plaintiff to take college courses under the pretense of rehire but later denied him employment despite completion.
J. Defendant's HR Director, Rodrigo Cano, falsely claimed that the complaint originated from Cypress Fairbanks School District. This statement was proven untrue during the Texas Workforce Commission Hearing.
K. During the unemployment hearing, the Defendant introduced two documents allegedly written by the trainer. These documents were signed under coercion by two individuals who did not author them, and the information contained within was crossed and inconsistent.

Everett alleges the following causes of action against CISD: (1) wrongful termination under *Sabine Pilot*; (2) defamation because CISD damaged his reputation by falsely stating that Everett engaged in misconduct; (3) fraudulent misrepresentation because CISD knowingly provided a false statement to harm Everett; (4) intentional infliction of emotional distress because CISD's outrageous conduct caused Everett severe emotional distress; (5) tortious interference with employment because CISD's false statements and retaliation interfered with Everett's employment opportunities; and (6) CISD's retaliatory actions violated the

3

Texas Whistleblower Act. In the Petition, Everett contends that CISD waived its governmental immunity and that his Petition "directly addresses and refutes the governmental immunity argument raised in the Defendant's plea to the Jurisdiction."

CISD's First Amended Plea to the Jurisdiction

CISD filed it First Amended Plea to the Jurisdiction alleging that although Everett amended his petition to better identify his claims, CISD is "indisputably entitled" to dismissal of Everett's lawsuit based on governmental immunity from suit and the trial court should dismiss the case with prejudice "due to an incurable lack of subject-matter jurisdiction." According to CISD's plea, CISD is immune from suit regarding Everett's wrongful termination claims because there (1) is no waiver of governmental immunity for Everett's claim of "wrongful termination in violation of public policy[]" and the *Sabine Pilot* claim is barred due to CISD's governmental immunity; (2) the *Harris* and *Gratton* federal cases cited by Everett do not analyze governmental immunity under Texas law and lack any meaningful application to CISD's jurisdictional challenge; (3) Everett has not presented the trial court with a clear and unambiguous statute that waives the District's governmental immunity from suit and liability; (4) Everett has not pled a viable cause of action under Chapter 21 of the Texas Labor Code and has failed to plead and prove that he exhausted his administrative remedies under that chapter; (5) CISD is immune from all common law tort claims that do not involve the negligent use or operation of a

4

motor-driven vehicle; and (6) Everett failed to initiate his administrative remedies under the Texas Whistleblower Act and fails to plead the requisite jurisdictional elements of a viable Whistleblower claim.

Final Judgment and Everett's Appeal

After a hearing, the trial court signed a final judgment granting CISD's First Amended Plea to the Jurisdiction and dismissing with prejudice Everett's claims against CISD "due to an incurable lack of subject-matter jurisdiction based upon Cleveland ISD's governmental immunity from suit and liability." Everett timely appealed.

Standard of Review and Governmental Immunity

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claim has merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is essential to the court's authority to decide a case and is never presumed and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). A party asserting governmental immunity to suit challenges the trial court's jurisdiction. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). A motion or plea asserting such

5

immunity involves a question of law that we review de novo. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).

When a plea to the jurisdiction challenges the plaintiff's pleadings, the trial court is required to review the pleadings, construe them liberally in favor of the plaintiff, look to the pleader's intent, and determine whether the plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plaintiff has pleaded facts affirmatively negating jurisdiction, the trial court may grant the plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Id.* at 227. Even so, if the pleadings merely fail to allege facts sufficient to affirmatively demonstrate jurisdiction, "the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.*; *see also Tex. Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024).

Generally, we construe an appellant's pro se brief liberally. *Sullivan v. Lemonade Ins. Co.*, No. 09-24-00211-CV, 2024 Tex. App. LEXIS 6990, at *8 (Tex. App.—Beaumont Sept. 26, 2024, no pet.) (mem. op.) (citing *Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]")). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of

procedure. *Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)).

Like sovereign immunity, governmental immunity protects a political subdivision of the state, including school districts, from liability and lawsuits. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). "A political subdivision enjoys governmental immunity from suit to the extent that immunity has not been [waived or] abrogated by the Legislature." *Id.* (citing *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). Governmental immunity consists of immunity from suit and from liability. *Harris Cnty. Hosp. Dist.*, 283 S.W.3d at 842. Governmental immunity is waived only by clear and unambiguous language indicating the Legislature's intent to do so. *Hillman v. Nueces Cnty.*, 579 S.W.3d 354, 359-60 (Tex. 2019) (citation omitted).

The plaintiff bears the burden of alleging facts that affirmatively show that the trial court has subject matter jurisdiction. *See Tex. Air Control Bd.*, 852 S.W.2d at 446. When the defendant in a suit is the state or a political subdivision thereof, the plaintiff must plead facts that affirmatively demonstrate that immunity has been waived and that the court has subject matter jurisdiction. *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

Issues on Appeal

On appeal, Everett challenges the trial court's grant of CISD's Plea to the Jurisdiction and he states his issues as follows:

I.    Whether the trial court erred in granting Cleveland ISD's plea to the jurisdiction where Appellant alleged valid claims under the **Texas Whistleblower Act**, the **Sabine Pilot doctrine**, and **42 U.S.C. § 1983**, all of which fall within recognized **exceptions to governmental immunity.**

II.    Whether **governmental immunity** applies where Appellant's claims involve **retaliation, constructive discharge, ultra vires conduct**, and violations of constitutional rights—actions that exceed the lawful authority of school officials. []

III.    Whether the trial court improperly dismissed claims involving **coerced resignation**, and enforcement of a "**gag order[,**"] where such actions constitute **ultra vires and retaliatory** conduct actionable under *Browning-Ferris, Inc. v. Reyna*, **865 S.W.2d 925 (Tex. 1993).**

IV.    Whether the trial court erred by dismissing Appellant's claims **with prejudice** after previously allowing amendment of the pleadings, despite unresolved Jurisdictional fact[] issues and an incomplete factual record.

V.    Whether the trial court violated Appellant's **procedural due process rights** permitting retaliatory actions and denying a **fair and impartial administrative review** during the employment separation process. []

Analysis

In CISD's First Amended Plea to the Jurisdiction, CISD alleged that Everett failed to plead any basis for a waiver of governmental immunity and Everett would be unable to plead facts to demonstrate jurisdiction over CISD if given the opportunity to replead. CISD, a school district, is a political subdivision of the state, and governmental immunity protects it from liability and lawsuits. *See Ben Bolt-*

*Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 324. CISD enjoys governmental immunity from suit to the extent that immunity has not been waived or abrogated by the Legislature. *Id.* Everett contends on appeal that he established that CISD waived its governmental immunity for each of his claims. We address each of Everett's appellate arguments below, but we group the claims when possible to simplify our discussion.

Everett's 42 U.S.C. § 1983 Claim, Due Process Claim, Other Constitutional Claims, and Ultra Vires Claims

In his appellate brief, Everett alleges he has asserted claims under 42 U.S.C. § 1983, due process and other unspecified constitutional claims, and what he labels "ultra vires" claims against CISD. However, in his Petition he did not allege these claims against CISD. He cannot raise new issues or claims for the first time on appeal. *See* Tex. R. App. P. 33.1(a)(1); *Hatch v. Univ. of Tex. at Austin*, No. 03-22-00489-CV, 2023 Tex. App. LEXIS 6780, at **3-4 (Tex. App.—Austin Aug. 30, 2023, no pet.) (mem. op.) (citing Tex. R. App. 33.1(a)(1); *Morrell Masonry Supply, Inc. v. Perez*, No. 01-13-00887-CV, 2014 Tex. App. LEXIS 8495, at **7-9 (Tex. App.—Houston [1st Dist.] Aug. 5, 2014, no pet.) (mem. op.)). We overrule issue one as to Appellant's 42 U.S.C. § 1983 claim, issue two and three as to his ultra vires claims, issue two as to his constitutional claims, and issue five as to his due process claim because no such claims were asserted in the Petition which was the live pleading at the time the trial court granted the dismissal.

9

Everett's *Sabine Pilot* Claim

On appeal, Everett also alleges that his retaliation claim fits within the *Sabine Pilot* doctrine and immunity does not bar it. CISD argued at trial and argues on appeal that Everett's alleged claim brought pursuant to the *Sabine Pilot* doctrine is barred by CISD's governmental immunity. We agree.

In *Sabine Pilot*, the Texas Supreme Court recognized a narrow exception to the employment-at-will doctrine in Texas: "That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). The Texas Legislature, however, has not waived governmental immunity under *Sabine Pilot. See Beaumont Indep. Sch. Dist. v. Thomas*, No. 09-15-00029-CV, 2016 Tex. App. LEXIS 879, at *9 (Tex. App.—Beaumont Jan. 28, 2016, no pet.) (mem. op.) (citing *Midland Indep. Sch. Dist. v. Watley*, 216 S.W.3d 374, 381 (Tex. App.—Eastland 2006, no pet.). As stated in *Watley*,

> The Texas Supreme Court created a common law cause of action to protect at-will employees in *Sabine Pilot* for cases in which an employee is terminated for refusing to perform an illegal act. *Sabine Pilot*, 687 S.W.2d at 735. However, the exception created by *Sabine Pilot* does not overcome a governmental entity's sovereign immunity.

216 S.W.3d at 381; *see also Nueces Cnty. v. Thornton*, No. 13-03-011-CV, 2004 Tex. App. LEXIS 2103, at *16 (Tex. App.—Corpus Christi Mar. 4, 2004, no pet.) (mem. op.); *Salazar v. Lopez*, 88 S.W.3d 351, 353 (Tex. App.—San Antonio 2002,

10

no pet.) (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994)); *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Carroll v. Black*, 938 S.W.2d 134, 134-35 (Tex. App.—Waco 1996, writ denied)). The trial court did not err in dismissing Everett's *Sabine Pilot* claim. We overrule issue one as to Appellant's *Sabine Pilot* claim.

Everett's Tort Claims

On appeal, Everett argues that CISD's assertion that his tort claims are barred by governmental immunity "is overly broad and fails to consider critical exceptions." Everett cites to *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009), in arguing that ultra vires acts performed outside the scope of lawful authority are not protected by governmental immunity, and he cites *Paul v. Davis*, 424 U.S. 693 (1976), in arguing that governmental immunity does not apply when tort claims are tied to constitutional violations and retaliatory acts beyond lawful authority. We have already determined that Everett's Petition did not assert any ultra vires claims or constitutional claims.

Everett's claims against CISD for defamation, fraudulent misrepresentation, intentional infliction of emotional distress, tortious interference with employment,

11

and retaliation,[4] are intentional torts, and a government unit is generally immune from all common law intentional tort claims unless immunity is specifically waived by statute. *See Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011) (explaining that it is firmly established "that any tort claim against the government is brought 'under' the [Texas Tort Claims] Act for purposes of section 101.106, even if the Act does not waive immunity[]"); *Pineda v. City of Houston*, 175 S.W.3d 276, 280-81 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("[A] governmental entity does not waive its sovereign immunity to a party's claim for personal injury or death if that claim arises out of an intentional tort."); *see also Collins v. Ison-Newsome*, 73 S.W.3d 178, 182 (Tex. 2001) (defamation is an intentional tort); *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 829 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (fraudulent misrepresentation is an intentional tort); *City of Houston v. Guthrie*, 332 S.W.3d 578, 593 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (tortious interference is an intentional tort) (citing *Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995)); *Thomas v. Dallas Hous. Auth.*, No. 05-21-00273-CV, 2022 Tex. App. LEXIS 3747, at *6 (Tex. App.—Dallas June 3, 2022, no pet.) (mem. op.) (retaliation is an intentional tort). The Texas Tort Claims Act does not waive immunity for intentional tort claims. *See* Tex. Civ. Prac. & Rem. Code Ann. §§

---

[4] Everett did not plead a claim for retaliation under Chapter 21 of the Texas Labor Code. *See* Tex. Labor Code Ann. §§ 21.001-556.

101.025 (waiving immunity from suit against a government unit for negligence solely in the operation or use of a motor-driven vehicle or equipment that causes injury or death and for "personal injury or death so caused by a condition or use of tangible personal or real property[]"), 101.057 ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort. . . ."); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 643 (Tex. 2012). Everett does not allege any negligence claims related to the operation of or use of a motor-driven vehicle. The trial court did not err in dismissing Everett's intentional tort claims. As a matter of law, we conclude that governmental immunity has not been waived for Everett's intentional tort claims.[5] We overrule his stated issues two and three.

Everett's Whistleblower Claim

As to his Whistleblower claim, Everett argues on appeal that "[t]he trial court erred in dismissing Everett's claims under the Texas Whistleblower Act (Tex. Gov't Code §§ 554.001-554.010). The Act expressly waives immunity where a public employee suffers retaliation for making a good-faith report of a legal violation to an

---

[5] Everett cites to *Browning-Ferris, Inc. v. Renya*, 865 S.W.2d 925 (Tex. 1993) in his third stated issue. He cites to *Reyna* in support of his position that "[g]overnmental immunity does not shield public employers from *Sabine Pilot* claims brought against officials in their individual capacities when the conduct is retaliatory, malicious, or ultra vires." However, *Reyna* is completely inapposite, and it does not address or involve governmental immunity or a *Sabine Pilot* claim, nor does it support his argument.

13

appropriate law enforcement authority." Everett argues he made "protected, good-faith reports concerning[] [f]raudulent or unauthorized use of workers compensation procedures[,] . . . [c]ohorst and signatures related to 'gag orders'[,] . . . [and] alleged fabrication of employee statements[,]" and that these reports "satisfy the Whistleblower Act [r]equirements."

The Texas Whistleblower Act prohibits a governmental entity from terminating or taking any adverse employment action against an employee who in good faith reports to an appropriate law enforcement authority a violation of law by the entity or a public employee. *Montgomery Cnty. v. Park*, 246 S.W.3d 610, 612 (Tex. 2007) (citing Tex. Gov't Code Ann. §§ 554.001-.010). The Act contains a provision waiving sovereign immunity to the extent of liability for authorized relief. *See* Tex. Gov't Code Ann. § 554.0035; *State v. Lueck*, 290 S.W.3d 876, 881-82 (Tex. 2009). To demonstrate the trial court's jurisdiction over an asserted Whistleblower Act claim, a plaintiff must actually allege a violation of the act and not merely a reference of it. *Lueck*, 290 S.W.3d at 882 ("'[M]ere reference to the . . . Act does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court.'") (quoting *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). Thus, the elements of a Whistleblower Act claim "must be included within the pleading so that the trial court can determine [if] they sufficiently allege a violation under the Act [and] fall within" the waiver of immunity from suit

14

provided by section 554.0035. *Id.* at 884. For example, under *Lueck,* whether an employee made a "good faith report of a violation of law to an appropriate law enforcement authority is a jurisdictional question." *Tex. Dep't of Health and Human Servs. v. Okoli*, 295 S.W.3d 667, 668 (Tex. 2009).

A plaintiff establishes a claim under the Whistleblower Act by showing: (1) he is a public employee; (2) he acted in good faith by making a report; (3) the report involved a violation of law by an agency or employee; (4) the report was made to an appropriate law enforcement authority; and (5) he suffered retaliation as a result of making the report. *See* Tex. Gov't Code Ann. § 554.002; *Windham Sch. Dist. v. Thomas*, No. 09-24-00183-CV, 2025 Tex. App. LEXIS 3527, at *18 (Tex. App.—Beaumont May 22, 2025, no pet.) (mem. op.) (citing Tex. Gov't Code Ann. § 554.002; *Phelan v. Tex. Tech Univ.*, No. 07-07-00171-CV, 2008 Tex. App. LEXIS 500, at *8 (Tex. App.—Amarillo Jan. 23, 2008, pet. denied) (mem. op.)).

In his Petition, Everett alleges that he "engaged in protected whistleblower activity by reporting illegal or unethical conduct within CISD[,]" and that "[i]n retaliation, [CISD] imposed a coercive gag order, disseminated falsified internal statements, and initiated wrongful employment actions that forced [Everett's] resignation." However, Everett's Petition fails to identify the appropriate law enforcement authority to which he reported the alleged illegal conduct within CISD. *See* Tex. Gov't Code Ann. § 554.002; *Windham Sch. Dist.*, 2025 Tex. App. LEXIS

15

3527, at *18. Accordingly, Everett fails to sufficiently plead jurisdictional facts for at least one of the necessary elements to a claim under the Whistleblower Act. *See* Tex. Gov't Code Ann. § 554.002; *Windham Sch. Dist.*, 2025 Tex. App. LEXIS 3527, at *18. Therefore, the trial court properly dismissed the claim.

Dismissal with Prejudice

Everrett argues in his fourth issue that the trial court erred in dismissing his claims with prejudice prior to discovery because it denied him the opportunity to develop factual support for his claims, and Everett requests that this Court remand the case "for full adjudication on the merits and the opportunity to develop the record."

Generally, if the plaintiff's petition does not allege facts sufficient to affirmatively demonstrate jurisdiction but the defects in the petition are curable by amendment, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend her petition. *Tex. Dep't of Crim. Just.-Cmty. Just. Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012); *Miranda*, 133 S.W.3d at 226-27; *Bell v. City of Grand Prairie*, 221 S.W.3d 317, 321 (Tex. App.—Dallas 2007, no pet.). But if a governmental unit filed its plea to the jurisdiction asserting its immunity and the plaintiff was given a reasonable opportunity to amend his petition, and the plaintiff's amended petition still did not allege facts that would

16

constitute a waiver of immunity, the trial court should dismiss the case with prejudice. *See Campos*, 348 S.W.3d at 815-16; *Sykes*, 136 S.W.3d at 639-40.

After Everett filed his Original Petition, CISD filed its original Motion to Dismiss Plaintiff's Claims Against Individual Defendants and Plea to the Jurisdiction, wherein CISD argued that the trial court should dismiss Everett's suit against CISD because CISD enjoys governmental immunity from suit and liability. Everett filed Plaintiff's First Amended Petition, then CISD filed a new Plea to the Jurisdiction, then Everett filed a Second Amended Petition, and CISD filed a First Amended Plea to the Jurisdiction. In such circumstances, The Texas Supreme Court has held that a party is not entitled to an additional opportunity to replead his case. *See Campos*, 348 S.W.3d at 815-16; *Sykes*, 136 S.W.3d at 639-40; *Miranda*, 133 S.W.3d at 231 (holding parties had opportunity to amend their pleadings and were not entitled to another opportunity to replead); *see also Harris Cnty. Appraisal Dist. v. Braun*, 625 S.W.3d 622, 636 n.21 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (plaintiff filed her first amended petition after governmental unit filed its plea to jurisdiction; "[i]n such circumstances, the supreme court has held that a party is not entitled to an additional opportunity to replead [her] case[]"); *Amador v. City of Irving*, No. 05-19-00278-CV, 2020 Tex. App. LEXIS 2353, at *25 (Tex. App.—Dallas Mar. 20, 2020, no pet.) (mem. op.) (after governmental unit's plea to jurisdiction notified plaintiff its immunity had not been waived, plaintiff, in her

amended petition, filed after plea to jurisdiction, did not allege additional facts to support waiver of immunity and trial court properly dismissed plaintiff's claim with prejudice). The trial court did not err in dismissing Everett's claims with prejudice. We overrule issue four.

Having overruled all of Appellant's issues, we affirm the trial court's order.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on July 1, 2026
Opinion Delivered July 23, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.